Argued January 13, decided February 3, 1914.

## RUCONICH v. ANDERSON.

(138 Pac. 249.)

**Intoxicating Liquors — Local Option — Elections—Time for Closing Polls.**

1. Under Section 3311, L. O. L., as amended by Laws of 1913, page 556, providing that all general and special elections in the state shall be held under this act, and the polls shall be open from 8 o'clock in the forenoon till 8 o'clock in the afternoon, the polls at a local option election were properly kept open till 8 o'clock, instead of closing at 7.

[As to irregularities which will avoid an election, see note in 90 Am. St. Rep. 46.]

**Intoxicating Liquors—Local Option—Elections—Suit to Set Aside.**

2. In a suit to set aside a local option election, though allegations that plaintiff was a saloon-keeper, and had $5,000 invested in his stock of liquors and cigars, and prohibition would cause said stock to be lost to him, may be proper as affecting his right to bring the suit, they can have no effect on the right of the county to submit the question of prohibition to a vote of the people.

From Clackamas: James U. Campbell, Judge.

In Banc. Statement by Mr. Justice Eakin.

This is a suit by Lawrence Ruconich, a liquor dealer in Oregon City, to enjoin H. S. Anderson, as county judge of Clackamas County, Oregon, and W. H. Mattoon and James W. Smith, as county commissioners of said county, from declaring prohibition within said city. The election was called upon the petition of certain voters in Oregon City, asking that an election be called for the 4th day of November, 1913, to determine whether or not the sale of intoxicating liquors therein should be prohibited. By the city charter the city elections are held on the first Monday of December of each year. Said election was held, and resulted in a vote in favor of prohibition. Various objections were urged in the complaint, and the Circuit Court having refused to grant the injunction, the prohibition order was issued by the County Court. By an

amended complaint plaintiff seeks to have the said order canceled and set aside. The defendants demurred to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action. Thereupon the said demurrer was sustained, and judgment rendered thereon, from which the plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Carson & Brown* and *Messrs. C. D. & D. C. Latourette,* with oral arguments by *Mr. John A. Carson* and *Mr. C. D. Latourette.*

For respondents there was a brief over the names of *Mr. Gilbert L. Hedges,* District Attorney, *Mr. C. Schuebel, Mr. B. N. Hicks* and *Mr. C. H. Dye,* with an oral argument by *Mr. Schuebel.*

MR. JUSTICE EAKIN delivered the opinion of the court.

Six points are relied on by the complainant as irregularities or defects in the election proceedings which render the election void: (a) That the judges and clerks of election were not appointed or qualified under the city charter; (b) that the election was not held on the day of a general state election, or the day of a general city election; (c) that the election was held by precincts, and not by city wards; (d) that the polls were kept open until 8 o'clock P. M., instead of until 7; (e) that many of the voters were only registered under the registration laws of 1913, which was afterward held to be unconstitutional; (f) that plaintiff was a saloon-keeper in Oregon City, and had $5,000 invested in his stock of liquors and cigars, and that prohibition in the city would cause said stock to be lost to the plaintiff.

Points "a," "b," "c," and "e" are decided adversely to plaintiff's contention in the opinion this day filed in *Wiley* v. *Reasoner, ante,* p. 103 (138 Pac. 250), and reference is made to the opinion in that case as controlling here.

1. Point "d" is answered by reference to Section 3311, L. O. L., as amended in 1913 (Laws 1913, p. 556), making 8 o'clock P. M. the hour for closing the polls.

2. As to point "f," the allegation relating to the effect on plaintiff's stock of goods and business by the prohibition order might have been, and no doubt was, made for the purpose of affecting his right to bring the suit; but those facts can have no effect upon the right of the County Court to submit the question of prohibition to a vote of the people.

The decree is affirmed.                    AFFIRMED.